William C. Hecht, J.
The petitioner seeks by writ of habeas corpus to secure his release from the City Prison, where he is now detained pursuant to an indictment for murder in the first degree.
Petitioner was indicted for murder in the first degree and the case was submitted to the jury on three counts: murder in the first degree, murder in the second degree, manslaughter in the first degree. It appears that the Judge, in his charge, instructed the jury that they could consider each of the counts in the indicated order. As is customary and proper he stated *22 that if they acquitted the petitioner of murder in the first degree, or if they could not agree on murder in the first degree, they should then consider murder in the second degree; if they acquitted the defendant of murder in the second degree, or could not agree on murder in the second degree, they should consider manslaughter in the first degree.
After the jury had deliberated from 12 o’clock noon on December 9, 1957, to 6:17 a.m. on December 10, 1957 the members thereof returned to the courtroom, where the Presiding Judge announced that he had received a communication from them to the effect that they were unable to arrive at a verdict. The foreman stated that such was the fact. The court thereupon requested that the jury retire to consider whether any useful purpose would be served by further deliberation. They returned approximately 10 minutes later and informed the clerk that they were unable to agree on a verdict. The court thereupon discharged the jury.
Petitioner contends that this discharge was wrongful and improper, that under the principles of double jeopardy he may not be retried for murder first degree and that therefore he is being improperly detained.
Section 435 of the Code of Criminal Procedure provides: ‘ ‘ Manner of taking the verdict. If the jury appear, they must be asked by the court or the clerk, whether they have agreed upon their verdict; and if the foreman answer in the affirmative, they must, on being required, declare the same.”
Section 443-a of the Code of Criminal Procedure provides: “Upon an indictment or information charging several crimes, defendant may be convicted or acquitted of one or more. On an indictment or information charging several crimes in separate counts, the defendant or defendants may be convicted or acquitted of one or more of the crimes charged; and, if the case be tried before a jury, the foreman shall declare each crime of which the defendant or defendants are convicted. A verdict of acquittal on one or more counts shall not be deemed an acquittal on any other count.”
Petitioner grounds this claim of improper discharge on the assertion that the court failed to ask the jury specifically whether or not it could agree upon each of the counts submitted to it, and that such interrogatories were mandatory under section 435 of the Code of Criminal Procedure. Petitioner asserts that he was prejudiced by the failure to question the jury specifically on each of the counts because the jury had in fact acquitted him of murder in the first degree and failed to report that yerqfiet because they did not realize that such a verdict could *23 be reported in the absence of agreement on the other counts submitted to them. In support of his contention the petitioner has submitted an affidavit by the foreman of the jury, who avers that, after deliberation, ‘ All agreed that the defendant was Not Guilty of Murder in the 1st degree, and disagreed as to Murder 2nd degree, and Manslaughter 1st degree ”. This statement is supported by affidavits of jurors Joseph P. Sullivan and Joseph P. Mandelbaum, each of whom affirms that all of the jury agreed that defendant was not guilty of murder, first degree, and disagreed as to murder, second degree, and manslaughter, first degree. In effect, the affidavits assert that the jury did not report agreement of acquittal of the crime of murder, first degree, because the jurors understood that such a verdict could not be properly reported without agreement on the remaining two counts submitted to them.
The District Attorney has submitted affidavits of jurors Bichard F. Plain, Plarold Bilby and Hugh F. Gough, each of whom avers that he voted for murder in the first degree and continued so to vote; that when it became apparent that the jury could not reach agreement on murder in the first degree, following what they understood to be the direction of the Judge contained in the charge, each agreed to consider murder in the second degree and voted for murder in the second degree in an effort to reach agreement with their fellow jurors on that count. When such agreement proved impossible, the disagreement was reported. Each affirms that at no time did he vote to acquit the petitioner of murder in the first degree, and that at no time did he believe the petitioner to be innocent of the charge of murder in the first degree; that if a poll had been taken when the disagreement was announced, each would have voted to convict the defendant of murder in the first degree.
The District Attorney asserts, and correctly so, in my opinion, that the petitioner failed to meet the burden of establishing that the jury acquitted him of murder in the first degree. The affidavits of the three jurors, Ham, Bilby and Gough, speak for themselves.
It seems clear that the discharge of the jury complied with section 428 of the Code of Criminal Procedure. The court was justified in relying upon the declarations of the jury, made on several occasions, that they could not agree on a verdict. What the jury may have had in mind, but did not report to the clerk or to the court, does not avail petitioner.
I am not persuaded the petitioner is correct in his contention that under section 435 (supra) the court or the clerk was required to specifically question the jury whether they had *24 reached a verdict under each of the counts submitted to them. I likewise reject petitioner’s contention with respect to section 443-a. I agree with the District Attorney that it is apparent that what is contemplated by section 435 is that, before a jury is asked to state what its verdict is, some effort should be made to establish that they have, in fact, reached a verdict.
Under all the circumstances here, I do not perceive that any of the petitioner’s rights have been violated or prejudiced or that he has established that he is now unlawfully detained.
Accordingly, the petition is dismissed.